77 F.3d 460
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Susan DELVECCHIO, Defendant, Appellant.
 No. 95-1593.
 United States Court of Appeals, First Circuit.
 Feb. 22, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge]
 Susan K. Howards, by appointment of the court, with whom Pamela Harris-Daley and Launie & Howards, P.A. were on brief, for appellant.
 Margaret E. Curran, Assistant United States Attorney, with whom Sheldon Whitehouse, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, were on brief, for the United States.
 D.R.I.
 AFFIRMED.
 Before STAHL, Circuit Judge, ALDRICH, Senior Circuit Judge, and LYNCH, Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Susan DelVecchio brings two challenges to her sentence, one of which this court has no jurisdiction to entertain, the other of which was waived. Defendant was sentenced to 46 months imprisonment to be followed by three years of supervised release after she pleaded guilty to three charges of cocaine possession and distribution.
 
 
 2
 DelVecchio's first challenge is to the district court's failure to grant her a downward departure based on assertedly unusual circumstances--including her history of depression, a suicide attempt, sexual abuse by a family friend and physical and emotional abuse by her former husbands. DelVecchio argues these circumstances took her case outside of the "heartland" of cases covered by the Sentencing Guidelines, see United States v. Rivera, 994 F.2d 942 (1st Cir.1993), and that the district court was not fully aware of its ability to make a discretionary downward departure based on these circumstances. However, it is clear from the record that the experienced district court did indeed understand its authority to depart downward. After hearing defense counsel's argument regarding Rivera, the district court stated, "I don't see any facts in here which would justify me to go below the guideline range.... I have the authority, of course...." The court concluded that it did not "find the facts and circumstances which would warrant" a downward departure. It is settled law that this court does not have jurisdiction to review the district court's refusal to exercise its discretionary authority to grant a downward departure. E.g., United States v. Lewis, 40 F.3d 1325, 1345 (1st Cir.1994).
 
 
 3
 Defendant also raises several arguments surrounding the government's decision not to move for a downward departure pursuant to U.S.S.G. § 5K1.1 (Nov.1994). Under the terms of her plea agreement, the government had agreed to consider filing such a motion if the defendant provided substantial assistance in the "investigation and prosecution of another person." The decision whether to file the motion, it was agreed, was in the discretion of the government. Because the government determined that the assistance DelVecchio did provide was "unavailing" and not substantial, it declined to file the motion.
 
 
 4
 DelVecchio now argues, among other points, that the government's refusal to file the motion and its drafting of the agreement were done in "bad faith" allegedly in violation of law and that the district court erred in refusing to grant a downward departure. The fatal flaw in these arguments is that the defendant failed to raise them in the district court, and we decline to entertain them now. See, e.g., United States v. Carvell, --- F.3d ---, ---, No. 95-1606, slip op. at 15 (1st Cir. Jan. 19, 1996) ("[I]ssues not raised below will not be heard on appeal unless there was plain error."). Moreover, in addition to failing to raise these arguments below, DelVecchio now points to nothing in the record outside the plea agreement itself as even indicating bad faith or motive on the part of the government. Accordingly, we believe that DelVecchio has failed to establish any error sufficiently obvious and substantial to survive "plain error" review.
 
 
 5
 Affirmed.